**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
Scott Kalkin, State Bar No. 120791
William Reilly, State Bar No. 177550
369 Pine Street, Suite 820
San Francisco, CA 94104
415-732-0282 (phone)
415-732-0287 (fax)
bill@williambreilly.com
*Attorney for Plaintiff Linda Przybyla*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| LINDA PRZYBYLA,<br><br>        Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br><br>        Defendant | Case No.:<br><br>COMPLAINT FOR RECOVERY OF<br>EMPLOYEE BENEFITS UNDER ERISA |

**JURISDICTION AND VENUE**

1.      This Court has original subject matter-jurisdiction over this case because it arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"); see 28 U.S.C. § 1132; see also 29 U.S.C. § 1132(e).

2.      Venue is proper in this District because the Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") was, and is, authorized to transact business in the State of California, the applicable benefit plan was administered in this District, breach took place in this District, and Prudential may be found in this District. 29 U.S.C. § 1132(e)(2).

\ \ \

**THE PARTIES**

3.      Plaintiff Linda Przybyla ("Plaintiff") is an individual who is currently, and at all times relevant was, residing in the State of California, Santa Clara County.

4.      Defendant Prudential was and is a business entity authorized to transact business in the State of California, including the marketing, sale and issuance of disability insurance and life insurance.

**FACTUAL ALLEGATIONS**

5.      Prior to her disability, Plaintiff worked full-time for the California Water Service Company ("Cal Water") in San Jose, California.

6.      At all relevant times, incident to her employment with Cal Water, Plaintiff participated as an insured employe in a group long-term disability plan (the "LTD Plan") created to provide long-term disability benefits to Cal Water employees.  The Plan is sponsored by Cal Water but insured by a group long-term disability insurance policy underwritten and issued by Prudential, policy number G-51933-CA. (the "LTD Policy"). The Plan is sponsored and administered in San Jose, California.

7.      Plaintiff received coverage under the Plan and Policy as a "participant" as defined by 29 U.S.C. § 1002(7).

8.      The LTD Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). Prudential was, and remains, the de facto co-plan administrator and co-claims fiduciary of the LTD Plan.

9.      At all relevant times, the LTD Plan stated that Prudential was required to pay Plaintiff a monthly LTD benefit if she was deemed "Totally Disabled."

10.     The LTD Plan defines "Totally Disabled" as follows:

You are totally disabled when as a result of your **sickness** or **injury**:

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS UNDER ERISA

2

- you are unable to perform with reasonable continuity the **substantial and material acts** necessary to pursue your **usual occupation**; and
- you are not working in your usual occupation.

After 24 months of payments, you are totally disabled when, as a result of the same sickness or injury, you are unable to engage with reasonable continuity in any occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity.

11.     In addition to the policy definitions above, under California law governing the definition of total disability, Prudential was obligated to pay monthly LTD benefits in the event that Plaintiff became unable to perform with reasonable continuity in the usual and customary manner the material and substantial duties of her own occupation.

12.     At all material times herein, Plaintiff complied with all the material provisions pertaining to the LTD Plan and/or compliance was waived by Prudential.

13.     Plaintiff stopped work on or about May 11, 2022 due to multiple medical conditions, including but not limited to fibromyalgia, cervicogenic headaches, chronic pain, tremor, and dizziness, and subsequently submitted a claim for long term disability benefits to Prudential.

14.     Plaintiff has been, remains, and will be unable to perform the substantial and material duties of her usual occupation, any gainful occupation, or any occupation which she was qualified by education, training or experience.

15.     On or about April 7, 2023 Prudential denied her disability claim.

16.     Plaintiff appealed Prudential's denial decision and submitted additional information and proof of disability, but Prudential upheld its denial decision in a letter dated September 15, 2023.

17.     Prudential offered a second appeal to Plaintiff, and she submitted additional information and proof of disability, but Prudential upheld its denial decision in a letter dated February 2, 2024.

18.     Plaintiff has exhausted her administrative remedies.

### FIRST CLAIM FOR RELIEF
### RECOVERY OF LTD BENEFITS – 29 U.S.C. § 1132 (a)(1)(B)

19.     Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20.     At all relevant times, Plaintiff was insured under the LTD Plan and Defendant was responsible for administering and handling of Plaintiff's LTD Benefits.

21.     At all material times herein, Plaintiff has complied with all material provisions pertaining to the LTD Plan, and/or compliance has been waived or Defendant is estopped from asserting non-compliance.

22.     While the LTD Plan was in full force and effect, Plaintiff because and remains totally disabled and entitled to receive LTD benefits under the LTD Plan.

23.     Contrary to the evidence and argument presented, Defendant denied Plaintiff's claim for LTD benefits, and has refused and continue to make full LTD disability payments to Plaintiff in an appropriate amount due.  Plaintiff appealed Defendant's termination of LTD benefits and exhausted her administrative remedies. The final appeal was denied by Defendant on February 2, 2024.

24.     Defendant's refusal to pay Plaintiff LTD benefits violates the terms of the LTD Plan, and Defendant's actions in administering Plaintiff's claim and denying LTD benefits were wrongful, arbitrary, and capricious.  At all material times, Defendant failed and refused to honor the LTD Plan.  Defendant is therefore liable for all LTD benefits

due under the LTD Plan and the LTD Policy. Moreover, Plaintiff's physical condition is expected to prevent her from returning to work in any capacity whatsoever for the duration of the policy's maximum benefit period.

25.    As a proximate result of Defendant's actions, Plaintiff has been deprived of her LTD benefits to which she was and is entitled and has suffered damages. Plaintiff further seeks a declaration as to her entitlement to future benefits, to wit: an injunction prohibiting Defendant from terminating or reducing her LTD benefits under the end of the maximum benefit period, or such other declaration as the Court deems proper.

26.    A controversy now exists between the parties as to whether Plaintiff is entitled to LTD benefits. Plaintiff seeks a declaration by this Court that she is entitled to benefits under the Plan.

27.    WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant as is hereinafter set forth.

## SECOND CLAIM FOR RELIEF
## EQUITABLE RELIEF UNDER ERISA 502(a) (3)

28.    Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 27 of this complaint.

29.    ERISA  502(a) (3) [29 U.S.C. 1132 (a) (3)], permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of a plan or of ERISA.

30.    29 CFR § 2560.503-1 (h) sets forth the minimum requirements to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination.

31.    In their capacity as a claims fiduciary, Defendant owed Plaintiff certain fiduciary duties, including that it discharge its duties:

a)  for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the LTD Plan;

b)  with the care, skill and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

c)   in accordance with 29 CFR § 2560.503-1 and the documents and instruments governing the LTD Plan; and

d)  without misleading Plaintiff or misrepresenting information about the status of her claim.

32.    Defendant violated the terms of the LTD Plan, ERISA and Department of Labor Regulation 29 C.F.R.  2560.503-1, by its acts, including, but not limited to: breaching its fiduciary duties under ERISA 404 (29 U.S.C. 1104); violating the terms of the LTD Plan; failing to provide a full and fair review of the claim and the adverse benefit determination in violation of 29 CFR § 2560.503-1(h)(1); failing to provide a review that takes into account all comments, documents, records, and other information in violation of 29 CFR § 2560.503-1(h)(2)(iv); failing to furnish Plaintiff with documents relating to her claim for benefits within the time period specified by the applicable Department of Labor Regulations; acting in bad faith by denying her claim in reliance upon a standard not set forth in the LTD Plan; failing to provide specific reference to pertinent LTD Plan provisions on which the denial was based; failing to provide Plaintiff with a description of what information was needed to perfect her claim information in violation of 29 CFR § 2560.503-1(g)(1)(iii); failing to respond and/or issue a decision on appeal; and repeatedly ignoring evidence, medical records and physicians' opinions which support Plaintiff's claim.

33.    Defendant's acts and omissions as alleged herein constitute a breach of its fiduciary duties owed to Plaintiff.

34.    As a direct and proximate result of Defendant's breach of its fiduciary duties as herein alleged, Plaintiff has incurred consequential financial losses and Defendant has realized gains, meriting the imposition of an equitable surcharge against Defendant.

35.    As a direct and proximate result of the improper acts and/or omissions herein alleged, Plaintiff has been compelled to incur reasonable attorney's fees and other costs associated with the investigation of this claim and the prosecution of this action.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendant as is hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief against Defendant:

1.  For all Plan benefit due and owning Plaintiff, including LTD benefits;

2.  Declare Plaintiff's right to receive future disability benefit payments under the terms of the LTD Plan;

3.  Declare that Defendant breached its fiduciary duties to Plaintiff and the LTD Plan and enjoin Defendant from continuing to violated 29 CFR § 2560.503-1(h);

4.  Impose an equitable surcharge, payable to Plaintiff, against Defendant, in an amount sufficient to fully compensate her for the consequences of

Defendant's breach, measured by financial loss to Plaintiff and/or gain by Defendant;

5. For costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(g)'

6. For pre-judgment and post-judgment interest on the principal sum, accruing from the date on which the obligations were insured. See *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007) ("A district court may award prejudgment interest on an award of ERISA benefits at its discretion."); *Drennan v. General Motors Corp.* 977 F.2d 246, 253 (6th Cir. 1992). Specifically, Plaintiff seeks interest at the rate of 10% per annum, pursuant to California insurance Code § 10111.2; and

7. For such other and further relief as this Court deems just and proper.

Dated this ⸺day of February 2024.

**ROBOOSTOFF & KALKIN**

*William Reilly*

William B. Reilly
Attorney for Plaintiff Linda Przybyla